## Marsh *vs* Current.

### ERROR TO THE BOURBON CIRCUIT.

### *Case. Jurisdiction. Waste.*

JUDGE BRECK delivered the opinion of the Court.

CASE.

Case 107.

June 17.

The case stated.

MARSH and Current agreed to exchange farms, and in February, 1843, entered into a written agreement evidencing the terms of their contract. Among other things it was stipulated that each should deliver to the other possession of their respective farms, on the first of March following, and on the third of March, 1844, deeds were to be mutually executed. Current being unable to deliver possession according to the contract of the entire farm or tract which he had sold and exchanged to Marsh, in consequence of an unexpired lease upon a portion of it, agreed in consideration thereof, to allow Marsh to continue in possession of the farm, which he had sold and exchanged to Current, till the 1st of March, 1844; and this supplemental agreement was also evidenced by writing between the parties, on the 6th March, 1843.

In March, 1844, each party obtained possession and a conveyance of their respective farms or tracts of land.

In 1845, Current commenced this action on the case, against Marsh, alledging in his declaration the commis-

MARSH
vs
CURRENT.

sion by him, of various acts of waste and destruction upon the land which he had sold and conveyed to the plaintiff, and while the same was in the possession of the defendant, and subsequent to the contract of sale and exchange, and before the delivery of the possession thereof and the conveyance to the plaintiff.

A demurrer to the declaration having been overruled, the defendant filed a plea of not guilty, and a verdict and judgment having been rendered for the plaintiff, and a motion in arrest of judgment overruled, the defendant has brought the case to this Court for revision.

Whether the plaintiff was entitled to maintain this action for the alledged injury, is the only question for consideration.

M. and C. exchanged land and by written contract mutually agreed to deliver possession on a particular day, which is done, and conveyances passed, between the contract of sale and delivery of possession, M. committed waste, &c.—Held that C. might maintain an action on the case for the injury, no covenant having been made against waste.

Neither of the agreements between the parties contained any express covenant that waste was not to be committed upon the premises, nor as to the manner of treating them during the period Marsh was allowed to continue in possession. But notwithstanding the agreements were silent upon the subject, Marsh was under no less moral or legal obligation to do no more injury to the premises than would result from their cultivation and enjoyment, according to the general rules of good husbandry; or in other words, to commit no waste, than if there had been an express covenant to that effect. The law created and imposed upon him this obligation, and the violation of it was a breach of duty and good faith, for which he was responsible. The declaration alledges injuries done to the premises by the defendant, for which, in this view of the case, he was clearly liable, and the only enquiry is, whether the plaintiff was entitled to relief in this form of action.

It is insisted on the part of the defendant, now plaintiff in error, that although injuries had been committed for which the plaintiff was entitled to redress, yet that his subsequent acceptance of the title and possession was a waiver and forfeiture of his claim. We perceive no reason or principle upon which this position can be sustained. Had there been an express covenant not to commit waste, the performance of other covenants in regard to the possession and title, would certainly have been no

satisfaction of it, nor have constituted a bar to an action for the breach of it. But the commission of waste, as we have seen, was a violation of an implied obligation, a breach of duty, for which the defendant was equally liable as upon an express undertaking. The acceptance of the title and possession would no more relieve the defendant from liability in the one case than the other. It is true the injury might have been of such a character as to justify the plaintiff in refusing to accept the title and the possession, and in claiming a rescission of the contract. He might also, under particular circumstances, have obtained, in a Court of Equity, for the injury sustained, a reduction out of any unpaid portion of the purchase money. In the last instance, his claim for relief would not be affected by the mere acceptance of the title and possession.

But it is contended that the plaintiff was entitled to no relief except in equity. That the relation between the parties, when the waste was committed, was that of trustee and *cestui que trust,* and that the latter can only obtain relief against the former in equity. Such is no doubt the general rule, but there are exceptions to it, and we think it has no application to this case. The parties constructively only, occupied that attitude, and when this suit was instituted, no such relation existed. It may be true that while the plaintiff had only an equitable title, he could not maintain his action at law. His claim for the title and possession being by executory contract, it might never be performed, and in that case he would sustain no injury by the waste committed. So the mortgagee, as held in *Rotan* vs *Fletcher,* (15 *Johnsons R.* 205,) is not entitled to his action at law before a forfeiture of the mortgage, for waste committed by the mortgagor, as his interest is contingent and may be defeated by the payment of the money secured by the mortgage. So, he that hath the remainder for *life only,* is not entitled to sue for waste; since his interest may never perhaps come into possession, and then he has suffered no injury. Equity, however, even before the forfieture of the mortgage will restrain the mortgagee from the commission of waste, and so it no doubt would the vendor before he

conveys the title. But it by no means follows that the plaintiff was not entitled to relief at law after he obtained the title and possession, because he was not before. The reason or objection has then ceased. His title is perfected and there is no longer any doubt or uncertainty, whether he will be or is injured by the waste committed. The injury is already sustained and we see no reason why the defendant, the wrong doer, should not be held responsible for it, and in this form of action. Although it might not have been the only remedy, it very clearly appears to us to be an appropriate one, and we should not hesitate to sustain it, unless controlled by some arbitrary rule of law, of which we are not aware.

The judgment is, therefore, affirmed.

*Davis and Martin* for plaintiff: *Williams* for defendant.