## SEATOFF vs. ANDERSON.

VENDOR AND PURCHASER : (1) *Rights of one in possession of land under executory contract of sale, as to removal of house.* (2) *His rights as against one who holds the legal title, as against him, only as security.*

1. Possessor of land under an executory contract of sale has no right to remove a building erected thereon, without the consent of the holder of the legal title.

2. One who has taken the title since the contract of sale, and charged with knowledge of the rights of him in possession, and who has agreed to

pay the contract price for the latter, and hold the title and sell the land for his benefit, has at least the rights of a mortgagee, and may recover for any damage done to the property (as by removing a building therefrom) which permanently diminishes the value of his security.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover damages for removing a house from a lot in the town of "The Island," Winnebago county. One Sperry, the owner of the lot, executed a contract in 1866 to Sorrenson, agreeing therein to convey him the lot upon payment of the purchase price in instalments at the times stipulated. Sorrenson built a house on the lot, but did not fulfill the contract on his part, and the plaintiff, who had been acting as Sperry's agent, bought the premises, with Sorrenson's approval, in April, 1869, taking a deed from Sperry, and paying him what was due from Sorrenson on the contract; and a verbal arrangement was then made between the plaintiff and Sorrenson, by which the plaintiff agreed to pay him $250 for the premises, less what the plaintiff had paid to Sperry; and if the premises should be sold at a higher price than $250, Sorrenson was to have the excess also. In September following, the defendant, who was in no way interested in the title, assisted by a number of persons, removed the house from the lot without the consent or knowledge of the plaintiff. The complaint alleged plaintiff's ownership of the lot, and the unlawful act of the defendant in forcibly removing the house, and prayed for damages. Answer, (1) a general denial; and (2), the defense mentioned in the opinion, *infra*. There was some conflict of evidence as to who was in possession of the lot when the house was removed. Defendant offered to prove that the house was the homestead of Sorrenson; but the evidence was rejected.

The court charged the jury that the plaintiff was entitled to recover such a sum as they should find from the evidence to be the value of the house. Verdict for the plaintiff; new trial denied; and defendant appealed from a judgment on the verdict.

*Freeman & Hancock*, for appellant:

The evidence fails to show any possession in the plaintiff. If he was in possession of the premises on which the house stood, he was there as the agent or trustee of Sorrenson, and merely held this land in trust for him. At the time the building was removed, the family of Sorrenson was living in the house, and in possession of the same ; and Sorrenson was there with them at different times. If the lot and house was claimed as a homestead, the agreement between *Seatoff* and Sorrenson was void, even though Sorrenson had only a land contract : (1.) Because it was not in writing. (2.) Because it required the wife's consent, evidenced by a proper instrument in writing, executed and acknowledged. Sorrenson could not sell the lot and house without the wife joined in the deed. 13 Wis., 478 ; chap. 172, Laws of 1867. The court erred, therefore, in excluding evidence that the land was occupied by Sorrenson as a homestead. 2. The deed from Sherry to *Seatoff* would only operate as an equitable mortgagge. *Seatoff* could only hold it as security for the money advanced to Sherry and Sorrenson (*Brayton v. Jones*, 5 Wis., 117) ; and with Sorrenson in possession, he could not maintain this action.

*Elbridge Smith*, for respondent :

Sorrenson's contract was forfeited ; if he or his wife was in possession, it was only by sufferance. Sorrenson himself could not remove the house, after forfeiture, without paying the remaining purchase money, as against Sherry or his grantee. Much less could Sorrenson's wife authorize a stranger to remove it. Evidence of possession was introduced by both parties ; but it is immaterial who was in possession, as to the rights of the parties in this action, the title being in the respondent. Whatever may be the equitable interests, as between Sorrenson and the respondent, the rights of the parties here are in no way affected by them.

Cole, J. We do not very well see upon what ground the

defendant can have the benefit of equities between the plaintiff and Andreas Sorrenson, if any exist. He is a stranger, having no interest in the land or building, and in no way connected with the title. On the other hand, the plaintiff has unquestionably acquired the legal title by purchase from Sherry. Suppose the plaintiff purchased the property subject to the contract between Sherry and Sorrenson, and that the latter still had the right to pay the amount due on the contract and demand a deed. Upon this assumption, Sorrenson himself would only have the right to discharge the contract on his part and insist upon the plaintiff giving a conveyance. But we take it that he would have no right to remove the house from the premises without paying the money due on the contract. Again, suppose the plaintiff and Sorrenson entered into the agreement foreshadowed in one of the offers of testimony made on the part of the defendant, in and by which the plaintiff undertook and agreed to pay Sherry the amount due from Sorrenson, and take the deed, and hold the premises, and sell them for the benefit of Sorrenson? In this aspect of the case, in the least favorable view for the plaintiff, he would have the interest of a mortgagee in the property, and Sorrenson would have no right to remove the building and diminish the value of the security. But what may be the real equities between the plaintiff and Sorrenson is a question which does not arise in this case. It is sufficient to say that even if Sorrenson was in possession of the premises, upon the facts disclosed, he would have no right to remove the building. The plaintiff either owned it absolutely, or had the interest of a mortgagee in the property; and in either view he was entitled to recover the value of the house. The defendant admitted in his answer, that at the request of the wife of Sorrenson, who was then in the possession of the premises and occupying the building as a homestead, he, with others, removed the building. This answer, even if sustained by the most conclusive testimony, sets up no defense to the action. For, as already observed, the plaintiff

had at least the interest of a mortgagee, and neither Sorrenson nor his wife had the right to do any act which would diminish the permanent value of the mortgaged property. In no possible view of the case does the defendant show any legal excuse or justification for the removal of the building.

*By the Court.*— The judgment of the circuit court is affirmed.