39 515
81 659

### NORTHRUP VS. TRASK.

PERSONAL PROPERTY: RIGHT OF ACTION. *(1) Presumption that dwelling forms part of realty. (2) House being removed becomes personalty while in transitu. (3) One who has no possession..not guilty of conversion. (4) When vendor in land contract can not maintain trover or replevin for house. (5) Vendor's remedy by proceeding to stay waste.*

1. In an action for the conversion of a dwelling house removed from the lot on which it was built to other land, the presumption is that it had been attached to the former lot and became attached to the latter, so as to form in each case part of the realty.

2. The person who removed the house, not having been a mere trespasser, but the equitable owner of the house and of the lot on which it was built, the house, while *in transitu* between the two lots, was personalty, the subject of conversion. *Huebschmann v. McHenry*, 29 Wis., 655, distinguished.

3. *It seems* that one who had no possession, real or constructive, of the house while *in transitu*, but merely permitted it to be attached to his soil by the person who removed it, could not be held guilty of a conversion of the house.

4. If one who is rightfully in possession of land under a contract of sale, after default in payment but before any foreclosure of his equity, dispose of a house attached to such land (as by removing it to other land), the vendor in the land contract, having no possessory title to the house, cannot maintain replevin or trover therefor.

5. If the purchaser in a land contract, before payment of the price, has no right as against the vendor to remove a building thereon, and so diminish the value of the security (as intimated in *Seatoff v. Anderson*, 28 Wis., 212), still the vendor's remedy in such a case is not by action for damages, but by proceeding to stay waste. *Fairbank v. Cudworth*, 33 Wis., 358.

APPEAL from the Circuit Court for *Winnebago* County.

Action for the value of a house alleged to have been converted by defendant. It appeared in evidence that the plaintiff sold a lot to one Lee on credit, giving him an ordinary land contract, Lee covenanting to erect a house of a given value upon the lot within a specified time. Lee built the house, but failed to make his payments as agreed, and afterwards, before the commencement of this action, moved the house to defendant's lot. Defendant had furnished Lee lumber for the house, for which he had not been paid, and told Lee, before the removal, that the latter might move the house upon his (defendant's) lot, and when his claim for the lumber was paid, he would sell Lee the lot at a certain price, or the latter could then remove the house. After the removal, plaintiff, with one Edwards, called upon defendant, and Edwards testifies that the following conversation then occurred: "*Mr. Trask* stated that the house was on his land. Plaintiff asked him what right he had to move the house off. He said he had a greater interest in the house than plaintiff had, and that he had a right to move it off. He further stated that all he wanted was his pay, and that he should insist on. Plaintiff asked defendant if he would draw the house back, or permit him to draw it back. Defendant said he would not, unless he was paid his debt." As a witness in his own behalf, defendant testified: "I had nothing to do with removing the house or authorizing it to be done. I have not been in possession, nor ever had any control of the house. Lee has always been in possession of it." As to the interview between himself and the plaintiff, defendant testified that he "refused to remove the house back, or consent to his (plaintiff's) removing it."

The court found that plaintiff was the owner of the house, but that defendant had not converted it, and gave judgment for defendant, dismissing the complaint. Plaintiff appealed.

*David Taylor*, for appellant:

"A conversion," according to the legal definition, "consists

Northrup vs. Trask.

either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff under a claim of title inconsistent with his own." 2 Greenl. Ev., § 642; *Smith v. Schulenberg*, 34 Wis., 49. See also *Bristol v. Burt*, 7 Johns., 254; *Huebschmann v. McHenry*, 29 Wis., 655. Tested by this definition, the house was certainly converted by defendant. When placed on defendant's lot, under the agreement with Lee, the house was clearly there for the benefit of defendant, to the extent of his claim. The lot remained defendant's, and if the house did not become so attached thereto as to form part of the realty, it was at least delivered to defendant in pledge or by way of equitable mortgage, so that it could not be removed by Lee without defendant's consent, unless Lee first paid the claim for the lumber. *Macomber v. Parker*, 14 Pick., 497; *Parks v. Hall*, 2 id., 211; *Gordon v. Ins. Co.*, id., 259; *Brown v. Bement*, 8 Johns., 96; *Shepardson v. Green*, 21 Wis., 539; *Mowry v. Wood*, 12 id., 413. Even if this were not so, it would be enough that defendant *claimed* a right to hold the property as against plaintiff, and refused to permit the plaintiff to remove it.

*Gabe Bouck*, for respondent:

To sustain trover, the plaintiff should have shown an actual or virtual possession of the property in defendant, and that it was subject to his control. *Bowman v. Eaton*, 24 Barb., 528; *Hunt v. Kane*, 40 id., 638; *Robinson v. Hartredge*, 13 Fla., 501; *Traylor v. Horrall*, 4 Blackf., 317; *Hill v. Covell*, 1 Coms., 522; *Canot v. Hughes*, 2 Bing., N. C., 448; *Dietus v. Fuss*, 8 Md., 148; *Ragsdale v. Williams*, 8 Ired., 498; *Yale v. Saunders*, 16 Vt., 243; 2 Hilliard on Torts, ch. XXV, § 13. If it was not in defendant's power to give up the house when demanded, he is not liable in trover, even if he claimed ownership or forbade plaintiff to move it back. "A person who has no possession, actual or constructive, of property demanded of

him by the owner, nor has previously wrongfully possessed or withheld it, can not be made liable in an action of trover, for refusal to deliver up, although he may have withstood the efforts of the owner to obtain possession, or prevented him by force." *Boobier v. Boobier*, 39 Me., 407. See also 2 Greenl. Ev., § 644; 2 Starkie's Ev., 1497; *Vincent v. Cornell*, 13 Pick., 294; *Nixon v. Jenkins*, 2 H. Bl., 135; *Edwards v. Hooper*, 11 M. & W., 366; *Smith v. Young*, 1 Campb., 441; *Anon.*, 2 Salk., 655; *Ross v. Johnson*, 5 Burr., 2825; *Severin v. Keppell*, 4 Esp., 157; *Dewell v. Moxon*, 1 Taunt., 391; *Kinder v. Shaw*, 2 Mass., 398; *Chamberlin v. Shaw*, 18 Pick., 278; *Leonard v. Tidd*, 3 Met., 6; *Jones v. Fort*, 9 B. & C., 764; *Kelsey v. Griswold*, 6 Barb., 436.

RYAN, C. J. It does not positively appear in this case whether the house, which is the subject of this action, was attached to the soil either on the lot on which it was built or on the lot to which it was removed. The presumption is that it was so attached in both instances, so as to form part of the realty. *In transitu* between the two lots, it was personalty, the subject of conversion. *Huebschmann v. McHenry*, 29 Wis., 655.

That case, it is true, holds the building there to have remained personal property on the lot to which it had been removed. But that is on the sole ground that the defendant, who removed it from the plaintiff's land to his own, was a mere trespasser, and could not therefore divest the plaintiff's title by attaching the building to his own soil. For reasons presently appearing, that distinction does not apply to this case.

It is difficult to understand how the respondent here could be held guilty of conversion of the house, as personal property, when it appears that he had no possession, real or constructive, of the house while *in transitu*. His only possession, if possession it be, arises from the attachment of the house to

It is more difficult still to understand the right of the appellant to maintain the action. He had made a subsisting contract with Lee for the sale of the lot on which Lee built the house, and of which Lee was in possession under the contract, when he removed the house. It is true that Lee had failed in making payments required by the contract. But the appellant had not foreclosed the contract, and his title in the lot was that of mortgagee in fee; the equitable estate, possession and right of possession being in Lee as owner of the house and lot. *Button v. Schroyer*, 5 Wis., 598; *Baker v. Beach*, 15 id., 99; *Landon v. Burke*, 36 id., 378. Subject to the right of the appellant as mortgagee, Lee had therefore perfect right to dispose of the house; and the appellant had no possessory title to it on which he could maintain this action. If the house had been removed by a stranger, a trespasser, as in *Huebschmann v. McHenry*, the right of action, replevin or trover, would have been in the respondent, not in the appellant. It is true that COLE, J., remarks, *arguendo*, in *Seatoff v. Anderson*, 28 Wis., 212, that the purchaser, under such a contract and in such circumstances, would have no right as against his vendor, to remove the building and diminish the value of the security. But, conceding that, it is apparent that in such a case the remedy of the vendor is not by action for damages, but by proceeding to stay waste. *Fairbank v. Cudworth*, 33 Wis., 358.

*By the Court.* — The judgment of the court below is affirmed.