## MARTIN vs. SCOFIELD and others.

LAND CONTRACT. *Rights of vendee in such contract against one who cuts timber therefrom without his license.*

1. The vendee in an ordinary land contract, with right of possession, is to be regarded as the equitable owner.

2. A land contract which reserves to the vendor the right of reëntry in case the vendee makes default in his payments, and a right of distress upon the premises for arrears of interest, and provides that on default the vendee may be regarded as a tenant holding over without permission, and for the recovery of damages for waste, gives the vendee *the right of possession* by necessary implication, where it fails to do so in express terms.

3. If the vendee in such a contract has the right of possession, and a third person, by his license, goes upon the land, and cuts timber, or exercises for him other acts of ownership, this is sufficient to give him the actual possession.

4. If the licensee in such a case cuts timber not included in his license, the vendee in the land contract (and not the vendor) may maintain trover or replevin against such licensee or those claiming the timber under him.

APPEAL from the Second County Court of *Brown* County.

Trover, for 200 pine saw-logs. Complaint in the usual form. Answer, a general denial.

It appeared on the trial, that in January, 1875 one Coppersmith cut the logs in controversy upon a lot claimed by the plaintiff, and sold and delivered them to the defendants, and that the latter refused on demand to deliver such logs to the plaintiff or to pay for them, but appropriated the same to their own use. It also appeared that, before the logs were cut, the plaintiff sold to Coppersmith some trees standing on the lot, and authorized him to cut such trees and remove them from the lot. The testimony of the plaintiff is, that he only sold five trees to Coppersmith; while the latter testified that he purchased all the standing timber on the lot.

On the 20th of November, 1871, Mrs. Emeline S. Whitney,

who was then the owner of such lot, executed to the plaintiff a contract to convey to him the lot from which the logs in controversy were taken, upon his paying her $200, with interest thereon, in one year from that time, in addition to $57.04 paid at the time the contract was executed.   There is indorsed upon the instrument a receipt for the interest to February 1, 1875.   Further reference to this contract will be found in the opinion.   The lot was uncultivated and unoccupied when the plaintiff sold the trees to Coppersmith.

The rulings of the court on the trial are sufficiently stated in the opinion.

The jury found for the defendants; a new trial was denied; and judgment for costs was rendered against the plaintiff; from which he appealed.

For the appellant, a brief was filed by *Hudd & Wigman*, and there was oral argument by *Mr. Hudd:*

The land contract vested the equitable right of possession of the land and timber in the plaintiff, against all persons except those claiming under Mrs. Whitney.   *Wing v. McDowell*, Walker's Ch., 175; *King v. Ruckman*, 21 N. J. Eq., 599; *Cogswell v. Cogswell*, 2 Edw. Ch., 231; *Lowry v. Tew*, 3 Barb. Ch., 407; *McKechnie v. Sterling* 48 Barb., 330; *Rood v. R. R. Co.*, 18 id., 83.   By his contract of sale plaintiff became equitable owner of the land, and as such could maintain this action.   6 Vt., 349, note a; 15 id., 138; 6 Johns. Ch., 403; 3 id., 316; 11 Paige, 359; 1 Barb., 495; 6 id., 571; 18 id., 83; *Van Camp v. Peerenboom*, 14 Wis., 65; 2 Story Eq. Jur., §§ 789, 790, 1212.   Proof of property in a third person is insufficient, unless it disproves plaintiff's right to the possession as against the defendant.   *Duncan v. Spear*, 11 Wend., 54; *Weymouth v. Railway Co.*, 17 Wis., 550.   If plaintiff shows a *prima facie* right to the possession against the defendants, he need not do so against the world.   2 Waterman on Trespass, 346, 366-7; 1 Hilliard on R. P., 121, 567; *White v. Bascom*, 28 Vt., 268; 14 Me., 439; *School District v. Lord*, 44 id.,

Martin vs. Scofield and others.

374; *Bowen v. Fenner*, 40 Barb., 383; 18 id., 80; *Carney v. Reed*, 11 Ind., 417; *Warner v. Matthews*, 18 Ill., 83; *McCoy v. Cadle*, 4 Iowa, 557; *C. C. & I. Co. v. Tilghman*, 13 Md., 74; *Jeffries v. Railway Co.*, 34 Eng. L. & E., 122. If Coppersmith cut the logs without authority, and was a mere wrongdoer, plaintiff's title, possession and right to possession were sufficient as against the defendants. *Knapp v. Winchester*, 11 Vt., 351; *Coffin v. Anderson*, 4 Blackf., 395; *Kissam v. Roberts*, 6 Bosw., 154; *Burrows v. Stoddard*, 3 Conn., 160; *Brown v. Ware*, 25 Me., 411; *Linscott v. Trask*, 35 id., 150; *Hanslem v. Lockwood*, 37 Conn., 500; 9 Am. R., 350; *Gelston v. Hoyt*, 13 Johns., 561. Equity will restrain the vendee from felling timber, etc., only at the suit of the vendor (*Crockford v. Alexander*, 15 Ves., 138); and then the vendor must satisfy the court that the land without the timber is an insufficient security. *Humphreys v. Harrison*, 1 Jac. & W., 581; *Hippesley v. Spencer*, 5 Maddocks, 422; *King v. Smith*, 2 Hare, 239.

Two briefs were filed for the respondents, one signed by *W. J. Lander* as their attorney, and the other by *J. C. & A. C. Neville*, of counsel; and the cause was argued orally by *Mr. Lander:*

1. Plaintiff could recover only by showing, either that he had a general property in, or a legal title to, the logs, or that he had a special property in them, as bailee or otherwise, and the actual possession at the time of the alleged conversion. 2 Greenl. Ev., § 636 et seq.; 2 Hilliard on Torts, 5 et seq.; 1 Smith's L. C., 474; *Sheldon v. Soper*, 14 Johns., 352; *Heyl v. Burling*, 1 Caines, 14; *Tuthill v. Wheeler*, 6 Barb., 362; *Barton v. Dunning*, 6 Blackf., 209; *Grady v. Newby*, id., 442. 2. Mrs. Whitney having the legal title to the realty, each tree, when cut, became her personal property. 1 Smith's L. C., 485 et seq.; *Pierrepont v. Barnard*, 5 Barb., 364; *Mooers v. Wait*, 3 Wend., 104; *Schermerhorn v. Buell*, 4 Denio, 422; *Goodyear v. Vosburgh*, 39 How. Pr., 377; *Higgon*

*v. Mortimer*, 6 C. & P., 616.   3. Plaintiff had no actual possession of the land where the trees were cut; and his contract gave him no right to the possession. *Erwin v. Olmstead*, 7 Cow., 229; *Ives v. Ives*, 13 Johns., 235; *Kellogg v. Kellogg*, 6 Barb., 116; *Watson v. Le Row*, id., 481; 22 id., 268; *Foley v. Wyeth*, 2 Allen, 131; *N. W. Iron Co. v. Meade*, 21 Wis., 474.   4. The vendee, even in possession, under an executory contract to convey, has no right to cut the timber unnecessarily, or remove fixtures, or do any act which may impair the vendor's security. *Mooers v. Wait, supra; Cooper v. Stower*, 9 Johns., 331; *Suffern v. Townsend*, id., 35; *Lyford v. Putnam*, 35 N. H., 563; *King v. Johnson*, 7 Gray, 239.   This rule would apply still more forcibly where the vendee was not in the actual possession of the land, or entitled to possession by his contract.   If timber is wrongfully cut by such a purchaser, it becomes personal property; but the title and right to the possession are in the vendor.   See cases last above cited, and also *Tyson v. McGuineas*, 25 Wis., 656.   5. Having no legal title to the logs, plaintiff could not maintain trover without showing an actual possession of them.   The constructive possession accompanies the legal title.   1 Washb. R. P., 140; Greenl. Ev., § 640; Waterman on Trespass, 520 et seq.; Chitty's Pl., 152; Bigelow's L. C. on Torts, 356, 370, note; *Lane v. Thompson*, 43 N. H., 320; *Tuthill v. Wheeler*, and *Mooers v. Wait, supra; Smith v. James*, 7 Cow., 329; *Ayer v. Bartlett*, 9 Pick., 156; *Dennie v. Harris*, id., 364; *Foster v. Gorton*, 5 id., 185; *Hotchkiss v. McVickar*, 12 Johns., 403; *Duncan v. Spear*, 11 Wend., 54.

LYON, J.   The controlling question in the case is, Did the plaintiff have such an interest in the logs in controversy that he can maintain trover therefor?   To determine this question, it is necessary to consider the nature of his interest in the land from which the logs were taken.   It has often been held that the relation between the parties to a contract for the

conveyance of land is analogous to that of equitable mortgagor and mortgagee in fee of the land affected by the contract. And such is the relation the plaintiff and Mrs. Whitney sustain to each other in respect to the land in question.

The contract of Mrs. Whitney does not, in terms, give the plaintiff the right to the possession of the land; but it does so by necessary implication. It provides for reëntry in case the plaintiff makes default in his payments; also for a right of distress upon the premises for arrears of interest;· and contains the other clauses usual in such contracts, that, on default, the plaintiff may be regarded as a tenant holding over without permission of his landlord, and for the recovery of damages for waste. These clauses in the contract manifest unmistakably that Mrs. Whitney intended by it to vest in the plaintiff the right to the possession of the land.

Having such right of possession, he authorized Coppersmith to go upon the land and cut timber, and the latter did so. The act of Coppersmith under such license was the act of the plaintiff, whereby, in contemplation of law, the plaintiff entered into the actual possession of the land. Besides, the case is not barren of proof of other possessory acts on the part of the plaintiff. By his direction, his brother and agent went upon the land when Coppersmith was cutting the timber in controversy, and exercised acts of ownership thereon for the plaintiff. The plaintiff cannot reasonably be required to do more in order to take actual possession. We have no difficulty, therefore, in holding that when the logs were cut by Coppersmith, the equitable estate in the land upon which they were cut, and the possession and right to the possession of the land, were in the plaintiff. It follows, on the authority of *Northrup v. Trask*, 39 Wis., 515, that the plaintiff was the owner of the land, and of course of any timber cut upon it, subject only to the right of Mrs. Whitney as mortgagee, and that he alone could maintain trover or replevin for timber and logs taken therefrom without his consent. The case last

cited is express authority that Mrs. Whitney cannot maintain an action against the defendants to recover the logs in controversy.

The learned county judge instructed the jury (among other things) as follows: "If the jury find from the evidence, that the plaintiff authorized Coppersmith to .go on the land in question and cut timber on it, then your verdict must be for the defendants, although it might appear that Coppersmith cut more timber than he was authorized by the plaintiff to cut." This was equivalent to a direction to the jury to find for the defendants. It is manifest, from the above views, that the plaintiff may maintain this action for the logs cut by Coppersmith (if any) in excess of his license, and sold by him to the defendants; and the instruction above quoted is clearly erroneous.

Various other exceptions were taken to the rulings of the court on the trial; but it is deemed unnecessary to consider them. What has already been said will sufficiently indicate to the county court what its rulings should be when the cause is again tried.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.