SUPERIOR CONSOLIDATED LAND COMPANY, Respondent, vs. NICHOLS, imp., Appellant.

*February 27 — March 22, 1892.*

*Land contract: Nonperformance by vendee: Equity: Action for strict foreclosure: Pleading.*

1. Under a land contract in which, instead of covenanting to pay money for the land, the vendee agrees to make certain improvements thereon, his right to a conveyance being made conditional on his performing such agreement, the relation of the parties to each other is the same as under an ordinary land contract, and in case of his

Superior Consolidated Land Co. vs. Nichols.

default the interest of the vendee may be cut off by a strict fore-closure.

2. This action, by the vendor in such a contract, is *held* to be for a strict foreclosure, although the complaint contains some averments which might be proper in an action to enforce a forfeiture.

APPEAL from the Circuit Court for *Douglas* County.

In December, 1889, James Bardon and H. F. C. Nichols entered into a contract in writing, in and by which Bardon agreed to sell and convey to Nichols certain lots in Superior, Douglas county, upon full performance by Nichols of certain covenants and agreements specified in such instrument. These were to the effect that Nichols should, within 200 days thereafter, construct upon said lots a forge plant of a capacity to employ therein at least twenty-five men, and to maintain and operate the same with that number of men for four years from the date of the agreement, in a business-like manner, unless delayed by fire, financial depression, or other cause. beyond his control, but not for want of funds to operate the plant, the same not to remain idle or employ less than twenty-five men for six months at a time, for any cause whatever. The instrument contains many other stipulations upon the part of Nichols, relating to such plant and business, payment of taxes, etc., not necessary to be stated. The instrument contains the usual clauses for forfeiture of the contract and the surrender of the premises to Bardon in case of default by Nichols in the performance of his agreements, and stipulates that time shall be of the essence of the contract, and that Nichols should have possession of the lots until default.

The complaint sets out such agreement; alleges the death of Nichols in 1890, testate; the probate of his will, in which he devised and bequeathed all his property to his wife, the defendant *Annette W. Nichols*, who is named as executrix in such will, and who has duly qualified and is acting as such; and that in February, 1891, Bardon sold and con-

veyed to the plaintiff corporation all his interest in the lots in·question, and assigned and transferred to it such agreement. The complaint then charges that such agreement has not been performed, either by Nichols in his life-time or by the defendant *Annette W. Nichols* since his decease. Breaches of Nichols' covenants in many material particulars are alleged with much particularity and at considerable length. It is unnecessary to state these in detail. It is also alleged that in August, 1891, plaintiff elected to consider the agreement void for nonperformance thereof by Nichols and his representatives, and that .it duly notified the defendant *Annette* of such election. The other defendants, Duff and Burhans, are made parties because they have or claim some interest in the lots under Nichols. The demand for judgment is that the agreement be declared void for the nonperformance thereof as aforesaid; that plaintiff recover possession of the lots; and that defendants be required to remove the buildings and machinery therefrom in a reasonable time; also for foreclosure of the interest of defendants in the lots and their right to a conveyance thereof; and for general relief.

The defendant *Annette W. Nichols* interposed a general demurrer to the complaint, which the court overruled. She appeals from the order overruling the same.

For the appellant the cause was submitted on the brief of *Winsor & Winsor.*

*E. B. Manwaring,* for the respondent.

LYON, C. J. The instrument executed by Bardon and Nichols, which is the basis of the action, is the ordinary executory contract for the sale and conveyance of land, with the exception that, instead of covenanting to pay Bardon a certain sum of money for the lots, Nichols agreed to make certain expenditures and improvements on the lots within a specified time, and. his right to a conveyance thereof was made conditional upon his performing such

agreement. The difference is not one of principle. The parties sustain the same relation to each other, have the same interest in the land, and may resort to the same remedies to enforce the agreement in one case as in the other.

Under all the authorities, such relation is that of equitable mortgagor and mortgagee. The mortgagor has only an equitable interest in the land, which, in case of default, may be cut off by a strict foreclosure of the contract. *Button v. Schroyer*, 5 Wis. 598; *Baker v. Beach*, 15 Wis. 99; *Kimball v. Darling*, 32 Wis. 675; *Landon v. Burke*, 36 Wis. 378; *Northrup v. Trask*, 39 Wis. 515.

The argument in support of the demurrer to the complaint goes upon the assumption that this is an action to enforce a forfeiture or right of re-entry for breach of a condition subsequent, and hence cannot be maintained in equity. This we conceive to be an entire misapprehension of the nature and objects of the action. While the complaint contains averments and demands relief which might be proper in an action to enforce a forfeiture, yet the action is clearly one for a strict foreclosure of the land contract. The complaint contains all the averments essential to a valid complaint in such an action, and the appropriate relief is demanded therein. It may be that it shows a waiver by the plaintiff of the right to have the interest of defendants under it declared forfeited, but it does not show any waiver of its right to a strict foreclosure thereof.

The circuit court has power to do full justice between the parties. It may, in the exercise of its discretion, give the defendants further reasonable time to perform the contract, if it seems to the court equitable and just to do so, and it will exert its equitable powers in all proper ways to protect the appellant from wrong. She is confessedly in default. What more favorable terms can she reasonably demand?

*By the Court.* — The order of the circuit court is affirmed.