Stahl vs. Lynn and others.

STAHL, Appellant, vs. LYNN and others, Respondents.

*February 27 — March 22, 1892.*

*Deed: Delivery: When title passes Evidence.*

In replevin for cedar alleged to have been cut on plaintiff's land, it appeared that plaintiff conveyed the land to a third person by a deed dated March 27, 1890, but which was not delivered until May 5, 1890. The question being when the title passed from the plaintiff, plaintiff's agent testified that the land was sold about March 27th, that he had the deed partly under his control, and that it was delivered on May 5th. Plaintiff then offered to prove, by the agent, the circumstances of the transaction, in order to show that title did not pass until the deed was actually delivered. The court rejected such evidence, and instructed the jury that plaintiff divested himself of title on March 27th. *Held*, that the evidence should have been received.

APPEAL from the Circuit Court for *Douglas* County.

Replevin for 100 cords of cedar alleged to have been cut on plaintiff's land. It appeared on the trial that cedar was cut by the defendant *Lynn* upon a quarter section of land which belonged to the plaintiff up to a certain time in the spring of 1890. It was stipulated that plaintiff had the title and possession of the land from which the cedar was cut up to March 27, 1890. It appeared on the trial that plaintiff conveyed the lands to one Peltier by a deed dated March 27, 1890, but which was not delivered until May 5, 1890. *Stahl,* the plaintiff, lived in Ohio, and one Buckley acted as his agent in this transaction. Buckley testified as a witness for plaintiff that plaintiff sold the land March 27, 1890, to one Peltier, and gave a warranty deed; that he could not give the exact date, but it was about that time; that he acted as Stahl's agent in the transaction, and had the deed partly under his control; that the deed was delivered to Peltier on the 5th of May following. He was then asked to state what the transaction was as far as the sale and delivery of the deed was concerned. General objection to this question was sustained, and exception was taken. There was no other evidence as to the transaction.

The evidence was conflicting as to when the cedar was cut on this land, the plaintiff's evidence tending to show that it was cut in January or February, and the defendant's evidence tending to show that the cutting was done after March 27th. The circuit court submitted the case to the jury upon a special verdict, of which the first question was whether the defendant *Lynn* cut cedar from the lands described in the complaint while plaintiff was the owner thereof; and the jury were instructed that the plaintiff divested himself of title on the 27th day of March, 1890. Under the instruction, the jury found that defendant did not cut cedar upon the land in question while plaintiff owned it. Judgment for the defendant was rendered upon the verdict, and plaintiff appealed.

For the appellant there was a brief by *Reed, Grace & Rock,* and oral argument by *Myron Reed.*

For the respondents there was a brief by *Swift, Murphy & Bundy,* attorneys, and *Ross, Dwyer & Smith,* of counsel, and oral argument by *R. E. Bundy.*

WINSLOW, J.    One of the vital questions in the case was, When did title to the real estate pass from *Stahl* to Peltier? Was it on the 27th of March, when the deed was dated, or on the 5th of May, when it was delivered? Buckley, the plaintiff's agent, testified that the land was sold about March 27th, that he had the deed partly under his control, and that it was delivered on the 5th of May. Plaintiff then attempted to prove by Buckley the circumstances of the transaction, but was not allowed to do so. We think this was error. Counsel stated to the court that his object was to show that title did not pass until the deed was actually delivered. The evidence so ruled out might have shown that no consideration was paid until the delivery, or that there were other circumstances which would make it clear that no title passed until delivery of the deed. That such circumstances might exist and be competent to be shown there can be no doubt.

This necessitates a new trial, and renders it unnecessary to pass on the question whether, upon delivery, the title related back to the date of the deed.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.