STAHL, Appellant, vs. LYNN and others, Respondents.

*September 9 — September 26, 1893.*

*Deed: Relation to date of contract: Replevin.*

A deed will not relate back to the date of a contract for the sale of the land so as to prevent the vendor, who retained possession until delivery of the deed, from maintaining replevin against a mere trespasser who wrongfully cut and removed timber from the land after the date of the contract but before the consideration was paid or the deed delivered.

APPEAL from the Circuit Court for *Douglas* County.

The action is replevin for 100 cords of cedar timber alleged to have been cut upon plaintiff's land by the defendant *Lynn*, and to be in the possession of the other defendants under a sale thereof by *Lynn* to some of them. The defendants gave the required undertaking, and obtained possession of the timber from the sheriff. The complaint is in the usual form of complaints in such actions. The defendant *Lynn* answered a general denial. He also interposed an affidavit to the effect that, if taken at all, the timber was taken by mistake, and offered plaintiff a judgment for $30 and costs. The offer was not accepted. No other defendant answered in the action. The proofs are that *Lynn* cut and removed the timber in question between March 27 and April 5, 1890, without any right to do so. On March 26, 1890, the legal title to and possession of the land from which the timber was cut and taken was in the plaintiff. On that day he gave one Peltier a contract to convey the land to him, the terms of which do not appear. Nothing was paid on that contract by Peltier until May 5, 1890, when he paid the consideration called for by it, and plaintiff delivered to him a conveyance of the land, dated March 26, 1890. *Lynn* does not claim under either plaintiff or Peltier, but was a naked trespasser in cutting and

removing, the timber.   The jury found specially that the
cutting was by mistake, and that the true market value of
the timber at the time of such cutting was $51.

On the evidence and verdict, the court gave judgment
for defendants.   The plaintiff appeals from the judgment.

For the appellant there was a brief by *Reed, Grace, Rock
& Reed,* and oral argument by *H. H. Grace.*

For the respondents there was a brief by *Murphy &
Bundy,* and oral argument by *R. E. Bundy.*

LYON, C. J.   This cause was here on a former appeal
from a judgment for defendants, and such judgment was
reversed for error and a new trial awarded.   81 Wis. 668.
Another trial has been had with· the same result.   Both
judgments went upon the ground that plaintiff was not the
owner of the land when the trespass was committed;· that
is to say, the trial court applied the doctrine of relation,
and held that the conveyance to Peltier, although it was
not delivered and no consideration was paid therefor until
May 5, 1890, took effect when delivered as a conveyance
executed March 26th preceding, that being the date of the
contract to convey the land, and hence that Peltier alone
could maintain the action.   Was the doctrine of relation
properly applied to this case?   The question was not de-
termined on the former appeal, but it is the controlling
question on the present appeal.

In *Gibson v. Chouteau,* 13 Wall. 92, the supreme court of
the United States said of a similar ruling: "The error of
the learned court consisted in overlooking the fact that the
doctrine of relation is a fiction of law, adopted by the courts
solely for the purpose of justice, and is only applied for the
security and protection of persons who stand in some privity
with the party that instituted proceedings for the land and
acquired the equitable claim or right to the title." Page 101.
We understand this to be a correct statement of the law

Hart vs. The Citizens' Ins. Co. of Pittsburg, Pa.

of relation, and it excludes the present defendants from its benefits, because they are not in privity either with the plaintiff or Peltier; hence, as to the defendants, when the timber was cut, the plaintiff was the legal owner and in possession of the land. from which it was wrongfully taken, and may maintain trespass or replevin therefor against the wrong-doer.

It should be further observed that the record does not disclose the contents and terms of the contract of March 26th between plaintiff and Peltier. It may have been a mere option, and, if so, no one will contend that it affords any basis for a claim that the doctrine of relation ought to be applied, even as between the parties to it. But we do not rest our judgment on this ground.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to assess the value of the cedar timber at $51, and to render the proper judgment for plaintiff.