KRAKOW, Appellant, vs. WILLE, Executrix, Respondent.

*May 3—June 23, 1905.*

*Pleading: Joinder of causes of. action: Vendor and purchaser: Owner-
ship in vendee: Lien of vendor: Landlord and tenant: Right to
possession: Action by vendee for cutting timber: Delivery of
deed carried back by relation: Cause of action: Demurrer.*

1. Two causes of action, one for obtaining reformation of a land
   contract by the correction of an alleged misdescription of the
   premises intended to be covered, and the other whereby the
   plaintiff asserts the right to recover damages for injuries done
   to the freehold by the severance of trees by the defendant after
   the making of the contract and before the conveyance by deed,
   may be joined in one complaint and appropriate relief granted
   in one judgment.
2. Under an ordinary land contract the purchaser is regarded in
   law as the equitable owner of the land purchased, and the
   vendor holds the legal title to secure the payment of the unpaid
   purchase money.
3. A land contract providing that the purchaser should pay all taxes
   from its date, keep up the improvements, and, whenever de-
   fault in payment of the purchase money should occur, hold the
   premises from the date thereof as tenant at sufferance, creates
   the relation of vendor and vendee and not that of landlord and
   tenant.
4. Under such contract the right of possession is in the vendee, and,
   as equitable owner, he has the right to maintain trover or re-
   plevin for timber cut upon the land without his consent.
5. Where a deed is executed and delivered upon full payment of the
   consideration specified in a preceding land contract and in pur-
   suance thereof, the deed relates back to the contract, and the
   title is considered, as between the parties, as having vested in
   the grantee from the time the contract was made.
6. A complaint alleging a land contract between the parties, the
   full payment of the consideration, delivery of a deed pursuant
   to the contract, and that the vendor between the dates of the
   contract and deed cut and removed timber from the land con-.
   veyed, states a cause of action against the vendor.

APPEAL from an order of the circuit court for Jefferson
county: B. F. DUNWIDDIE, Circuit Judge. *Reversed.*

On October 27, 1900, plaintiff and William Wille, since deceased, entered into a contract whereby Wille agreed to convey certain lands to the plaintiff. The covenants of the contract material to this cause are as follows:

"The said party of the second part [plaintiff] hereby agrees and binds himself and his legal representatives to pay or cause to be paid to the said party of the first part, his heirs or assigns, the sum of eight thousand ($8,000) dollars in the manner following: Two hundred fifty ($250) dollars at the ensealing and delivery hereof, the receipt whereof is hereby confessed and acknowledged; two hundred fifty ($250) dollars the 27th day of November, A. D. 1900, five hundred ($500) dollars the 1st day of March, A. D. 1901, the balance to be paid in sums of one hundred ($100) dollars or a multiple thereof on the annual interest day, and the said party of the first part agrees to deliver a deed to the said party of the second part to the property hereinafter described when the sum of two thousand ($2,000) dollars has been paid."

"The said party of the second part further agrees and covenants that he will pay all taxes, special or general, which have been assessed on the above described premises, since the 1st day of January, 1901, and also all such as may be hereafter assessed thereon, whenever such taxes shall become due and payable by law, until the aforesaid purchase money shall be fully paid in the manner above stated; and also to hold the said premises, from the date hereof, as the tenant of sufferance of the said party of the first part, subject to be removed as his tenant and holding over, by process under the statute in such case made and provided, whenever default shall be made in the payment of any of the instalments of purchase money above specified; and also to keep the buildings, fences and improvements on said premises in as good repair and condition as they now are, except ordinary wear and decay and damage by the elements."

On April 10, 1902, Wille and his wife executed their warranty deed in execution of this contract. The descriptions in the two instruments differ. Plaintiff claims that it was intended to describe the same land in both instruments, and that the description given in the deed is correct, and he there-

fore asks that the description in the contract be reformed by
·conforming it to the description in the deed. Plaintiff claims
further that between October 27, 1900, and April 10, 1902,
Wille cut down and converted into lumber and cordwood a
large number of trees which had been standing and growing
on the premises; that this product was sold by Wille to and
for his use and benefit; and that the injury to the real estate
therefrom was to his damage in the sum of $450. He asks
judgment for reformation, and damages for this amount,
and for costs. A demurrer to the complaint on the ground
that it did not state a cause of action was sustained. This
is an appeal from the order sustaining the demurrer.

For the appellant the cause was submitted on the brief of
*Davis & Lueck.*

*Harlow Pease,* for the respondent.

SIEBECKER, J. The complaint contains two causes of ac-
tion, the one equitable and the other legal. The former is
alleged for the purpose of obtaining a reformation of the con-
tract by the correction of the alleged misdescription of the
premises intended to be covered by the parties, and the latter
sets forth the facts whereon plaintiff asserts the right to re-
·cover damages for the injury done to the freehold by the sev-
erance of trees by the defendant after the making of the con-
tract for the sale of the land and before its conveyance by
·deed to the plaintiff under the conditions of this sale. It has
been held that these causes of action might be joined in one·
·complaint and appropriate relief granted in one judgment.
The approved practice is that the equitable issue be first tried
·by the court and the legal issue be then tried by a jury. *Cam-
eron v. White,* 74 Wis. 425, 43 N. W. 155; *Harrison v.
Juneau Bank,* 17 Wis. 340; *Aultman Co. v. McDonough,*
110 Wis. 263, 85 N. W. 980.

It is contended by respondent that the facts alleged in the
·second cause of action do not constitute a cause of action,

upon the ground that the facts pleaded show that, at the time the injury to the freehold is claimed to have been done, plaintiff had no such ownership and interest in the premises as is required to sustain an action for such damages. It is alleged that William Wille, the owner of the premises in October, 1900, contracted in writing with the plaintiff for the sale of the premises and a conveyance by deed upon the payment of the consideration in the manner prescribed, and that in April, 1902, after plaintiff had paid the consideration required by the terms of the agreement, he and his wife executed and delivered to plaintiff a deed of the premises as specified in the contract, which deed, it is averred, correctly describes the premises mutually intended to be included in the contract. It has repeatedly been held in the decisions of this court that the purchaser under an ordinary land contract is regarded in law as the equitable owner of the land purchased, and that the vendor holds the legal title to secure the payment of the unpaid purchase money. *Church v. Smith,* 39 Wis. 492; *Kimball v. Darling,* 32 Wis. 675; *Northrup v. Trask,* 39 Wis. 515; *Superior Con. L. Co. v. Nichols,* 81 Wis. 656, 51 N. W. 878, and cases cited. It is claimed, however, that the relationship of the parties under the contract in question did not give plaintiff the right to the possession of the land, and he therefore cannot maintain this action for damages to the freehold. The agreement expressly provides that plaintiff should pay all taxes upon the land from the date of the contract, that he should keep up the improvements, and, whenever default in payment of the purchase money should occur, he should hold the premises from the date thereof as tenant at sufferance. In the recent case of *Hill v. Sidie,* 116 Wis. 602, 93 N. W. 446, it was held that such a contract established the relationship of vendor and vendee. The opinion expressly adverts to the case of *Wright v. Roberts,* 22 Wis. 161, wherein it was held that such an agreement created the relationship of landlord and tenant, and

declares its adherence to and approval of the holding to the contrary in *Diggle v. Boulden,* 48 Wis. 477, 4 N. W. 678. In *Martin v. Scofield,* 41 Wis. 167, it was determined that, though a contract like the one in question did not in terms declare the vendee to have possession of the land, it did by necessary implication vest the right of possession in him, and under these circumstances the vendee, as equitable owner, had the right to maintain trover or replevin for timber cut upon such land without his consent. Other cases in this and other courts sustaining this doctrine are: *Northrup v. Trask, supra; Jones v. Costigan,* 12 Wis. 677; *Kimball v. Darling, supra; Marsh v. Current,* 6 B. Mon. 493; *Hueston v. M. & R. R. B. Co.* 76 Minn. 251, 79 N. W. 92. See, also, 29 Am. & Eng. Ency. of Law (2d ed.) 705.

The principle of the foregoing adjudications is conclusive of the question presented, but, in addition, it seems clear that the doctrine of relation is applicable to this case. It is alleged that on April 10, 1902, pursuant to the contract of October 27, 1900, Wille and his wife executed and delivered a deed of the premises upon full payment of the consideration specified in the contract. The delivery of this deed is not regarded in the law as alone constituting a sale of the land, but is the final step of the transaction, which consummated it pursuant to and in accordance with the precedent contract between the parties. Under such circumstances the deed relates back to the contract, and, for the promotion of justice and for the protection of the purchaser, the title is considered, as between the parties, as having vested in the grantee from the time the contract was made. In *Stahl v. Lynn,* 86 Wis. 75, 56 N. W. 188, this court sanctions the statement of this doctrine as stated by Mr. Justice Field in *Gibson v. Chouteau,* 13 Wall. 92:

"By the doctrine of relation is meant that principle by which an act done at one time is considered, by a fiction of the law, to have been done at some antecedent period. It is

usually applied where several proceedings are essential to complete a particular transaction, such as a conveyance or deed. The last proceeding which consummates the conveyance is held for certain purposes to take effect by relation as of the day when the first proceeding was had."

We deem the rule applicable to the instant case, and under it plaintiff's title to the land had its inception on the date of the written contract, namely, October 27, 1900, and, so far as it may be necessary to protect his rights in the land conveyed, the title is held to have taken effect by relation as of that date. *Sutherland v. Goodnow,* 108 Ill. 528; *Young v. Guy,* 87 N. Y. 457; *Cummings v. Newell,* 86 Minn. 130, 90 N. W. 311; *Womack v. Powers,* 50 Ala. 5; *Carney v. Reed,* 11 Ind. 417; *Thompson v. Spencer,* 50 Cal. 532. The court erred in holding that the complaint failed to state a cause of action, and the order sustaining the demurrer must be reversed.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to overrule the demurrer, and for other proceedings according to law.