LAUGHLIN v. NORTH WISCONSIN LUMBER CO. et al.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

No. 1,739.

1. VENDOR AND PURCHASER (§ 214*)—ASSIGNMENT OF CONTRACT—RIGHTS OF ASSIGNEE.

The assignee of a contract for the purchase of land, who was in default in making payments, had no legal ground of complaint because the original vendee, who had not been released from the contract, to protect his obligation, paid the remaining installments of purchase money and took an assignment from the vendor and a deed to the land, subject to the assignee's rights under the contract, since he could as fully protect and enforce such rights by making the payment to the grantor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 442–448; Dec. Dig. § 214.*]

2. VENDOR AND PURCHASER (§ 193*)—CONTRACT OF SALE—RIGHTS OF PURCHASER.

Under the law of Wisconsin, a purchaser of land by contract is the equitable owner in fee, entitled to possession, and with the right to sell timber therefrom, unless restrained to prevent impairment of the rights

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the vendor, who holds the legal title only as security for the purchase price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 399–401; Dec. Dig. § 193.*]

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

Suit in equity by Henry D. Laughlin against the North Wisconsin Lumber Company and John H. Savage. From the decree (176 Fed. 772), complainant appeals. Affirmed.

On February 1, 1908, appellant brought his bill in the Circuit Court of the United States for the Western District of Wisconsin to restrain a forfeiture of his rights in and to certain real estate in Wisconsin held under and by virtue of a certain agreement in writing, and for other relief. The appellee corporation, being then the owner of the land in suit, entered into an agreement with the appellee Savage on January 15, 1904, for the purchase by Savage of 1,023.41 acres of land in Bayfield county, Wis., for $9,-210.69. Of this sum, $2,046.82 was paid down, and the balance made payable in five annual installments of $1,430 each, on January 15th of each year from 1905 to 1909, with interest at 6 per cent., payable annually. On this sale, Savage and one W. L. McCormick were allowed a commission aggregating $1,534.11, of which $511.70 was credited on the cash payment, and the balance, with interest, was to be paid when the contract price was paid. The contract made certain reservations as to flowage and oil, mineral, and gas. On May 12, 1904, Savage assigned said contract to C. H. and H. P. Norton, who in turn, on April 7, 1905, reassigned the same to appellant herein. Both assignments were consented to by the North Wisconsin Lumber Company without releasing Savage from his liabilities thereunder. Laughlin thereupon paid the installments due January 15, 1905, and January 15, 1906. He failed to pay the installment maturing January 15, 1907, and the taxes for the years 1906 and 1907. These latter the lumber company had to pay to protect itself.

In December, 1907, the lumber company, appellee herein, executed an assignment to Savage of its rights as vendor in said contract, and at the same time delivered to said Savage a warranty deed of said premises as in said contract provided; he having paid the remaining installments and the taxes of 1907 and 1908. Said assignment and deed each contained a clause that Savage should protect the rights of all assignees of said contract, and hold the original vendor harmless. Savage thereupon, by notice dated January 4, 1908, and mailed January 7, 1908, proceeded to notify Laughlin that if he failed to pay the delinquent installments and taxes within 30 days after the receipt of notice "his rights under the contract would be forfeited and terminated." The contract called for a 30-day notice before forfeiture could be declared. While Savage signed this notice, "John H. Savage, Grantee North Wisconsin Lumber Company" and gave his address, he did not otherwise advise Laughlin of the assignment of the contract and the delivery of the warranty deed to him. On January 14, 1908, and after the assignment and conveyance to Savage, Laughlin mailed a check to the lumber company for the installment due January 15, 1908, and offered to pay the 1907 installment and the back taxes. This check the lumber company returned to Laughlin, advising him that the payment should be made to Savage.

The installments due January 15, 1907, January 15, 1908, and January 15, 1909, together with the taxes of 1906 and 1907, have never been repaid to Savage by Laughlin, or by any one for him. It appears that Savage obtained the bulk of the moneys paid by him to the lumber company for the assignment and deed of said lands from one Glover, representing the Willow River Lumber Company, with whom Laughlin had been negotiating for the sale of the lumber on said land. It is Laughlin's claim that he would have effected a sale of the lumber to Glover, or to Vogt & Co., with whom

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he was also negotiating, had Savage not interfered. He chose rather to treat Savage's act in purchasing the contract and taking the deed as a confiscation of his interests under the contract, and ceased negotiations. In October, 1908, the timber was damaged by fire to an amount stipulated at $5,200.

On February 5, 1908, Savage filed his bill against Laughlin and all parties interested in said land in the circuit court of Bayfield county, Wis., to quiet title to said lands. This suit Laughlin removed to the Circuit Court of the United States for the Western District of Wisconsin, on June 25, 1908, and thereupon filed an answer and a cross-bill thereto; the former denying Savage's title and setting up his own, and the latter charging that Savage obtained said assignment and deed through fraud, and setting up the filing of his (Laughlin's) bill herein, the issuance of the restraining order, charging a violation of the restraining order, and other acts done in furtherance of a scheme and design to cheat and defraud Laughlin, and praying the court to decree that moneys paid by Savage for said assignment and deed were not an equity which constituted a condition precedent to Laughlin's right to take the title from Savage. To this cross-bill Savage filed an answer, and his original bill, together with Laughlin's cross-bill, were heard in conjunction with the original bill of Laughlin, upon which this appeal is predicated. This last-named bill sets up the contract to Savage, its assignment to the Nortons, and by them to Laughlin, as aforesaid; that Laughlin entered into possession of said lands; that he made payment of the installments falling due January 15, 1905, and January 15, 1906, together with accrued interest; that he has not paid the January 15, 1907, nor the January 15, 1908, installments; that he did, on January 15, 1908, tender the latter to the lumber company, and offered to pay the January 15, 1907, installment, and all taxes and accrued interest, which tender and offer were refused by the lumber company; that he failed to make the 1907 payment through inadvertence; that the right to assert a forfeiture is personal to said lumber company; that Laughlin first learned of conveyances to Savage through his attempt to give notice of forfeiture; that the records of Bayfield county, Wis., disclose no record of Savage's deed or assignment; that the lumber company had no legal right to convey to Savage; that Savage's payment of accrued installment and taxes was voluntary, and made with a purpose to defraud Laughlin; that the latter is ready and willing to pay all that remains due upon an accounting.

Complainant thereupon prays for an accounting; that the said land be decreed to be conveyed to him by a deed from the lumber company; that the deed to Savage be decreed null and void, and that Savage be restrained and enjoined from placing the same on record (which was granted), and from attempting to enforce a forfeiture; that on final hearing the injunction be made perpetual; and that such further relief be granted as the nature of the case requires.

The answer of Savage denies possession of said premises by any one, and sets up that he took said title to protect his own liability to make said payments and perform said contract, growing out of Laughlin's default. The answer admits the giving of notice of forfeiture, and charges that it was made in accordance with the terms of the contract. The answer further asserts that before this suit was begun he gave Laughlin notice of conveyance to him by the lumber company; that he mailed the deed to the recorder for Bayfield county before this suit was begun, and without notice of the suit. The answer also sets up the danger of injury to timber by fire when no one is in possession, asserts his right to take said title, and denies all unlawful confederacy.

The North Wisconsin Lumber Company also makes answer to said bill, setting up substantially the same facts. Complainant also filed a supplemental bill setting up the destruction of timber by fire as above set out. As to this supplemental bill he asks no relief.

On the hearing the Circuit Court found that the deed from the lumber company to Savage, dated December 5, 1907, was a good and valid convey-

ance of the legal title to said land, subject, however, to the equitable title of Laughlin, and subject to the easement of flowage and highway servitude reserved in the original contract, and to the oil, gas, and mineral rights also reserved in said contract; that the conduct of Savage in his attempt to enforce said contract against Laughlin was inequitable, whereby he was without right to demand a forfeiture against Laughlin; that Laughlin was entitled to acquire the legal title to said lands by warranty deed from Savage, but that Savage was entitled to a strict foreclosure of Laughlin's rights in said lands, unless the latter should pay the balance of the purchase price and taxes, amounting to $4,894.50, with interest at 6 per cent. from date of decree, said payment to be made within four months from the date of entry of the decree, or, in case of appeal, within four months from the filing of the mandate, whereupon Savage should convey said lands to Laughlin by warranty deed. On failure of Laughlin so to do, his rights should cease, and Savage be invested with a fee-simple title thereto, subject to the reservations of the contract aforesaid. The court further ordered that judgment for costs, amounting to $639.50, go against Savage. Said bill was dismissed as to said lumber company at complainant's costs.

From the finding of the Circuit Court complainant took this appeal, assigning as errors. that the Circuit Court decreed that the lumber company had the right to deed said lands to Savage without Laughlin's consent; that the court held the deed to Savage to be a good and valid conveyance; that the court held Savage entitled to recover from Laughlin the balance due on said contract, with interest at 6 per cent.; that the court held Savage entitled to a strict foreclosure of Laughlin's interest in said lands, unless he pay the balance of the purchase price; that the court failed to decree the setting aside of the deed of the lumber company to Savage and the execution of a warranty deed by the lumber company to Laughlin; that the court ordered the bill dismissed as to the lumber company, and the issue of execution against Laughlin for $25 costs; that the court restrained conveyance by Laughlin, and the cutting of timber from said premises for four months; and that the court decreed that Savage had any right to the balance of installments, taxes, and interest due on said contract.

Randolph Laughlin, for appellant.

Stiles W. Burr, for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] Complainant brings this cause to this court after he has obtained from the Circuit Court a decree giving him substantially every right to which the original contract entitled him. He is to receive a deed of the lands in question from Savage on paying the moneys reserved in the agreement. Save for the timber which was destroyed by fire, and his expenses incurred in the various phases of the litigation, matters not here involved, he is placed in the same position he would have held, had there been no conveyance to Savage. He is given both the warranty of the lumber company and of Savage; that of the former being as effective in law as though made directly to him. No adverse interests having intervened, these fully satisfy the rights of Laughlin as assignee of the contract. Bateman v. Johnson and Another, 10 Wis. 1; Gaven v. Hagen et al., 15 Cal. 208. The bill was properly dismissed as to the lumber company at complainant's costs. The rest of the relief sought consists mainly in his prayer to have the conduct of Savage characterized as inequitable and unfair, and Savage himself penalized to the extent of the moneys paid by him to the

lumber company to satisfy all unpaid installments under said contract, together with taxes and interest.

Assuming that the conduct of Savage was, under the evidence, reprehensible, and that the court was justifiable in assessing against him the costs, how does that affect complainant? He himself was in default, from which Savage was in position to suffer damage. Instead of tendering Savage the amount due and curing the default, complainant chose to bring suit, and was apparently himself to blame for an extended litigation and its concomitant expenses.

[2] There is no justification for the statement that Savage was a mere volunteer in making the payments. He had an interest, and was in law justifiable in protecting his liability, even though he may have had other and improper motives in so doing. Nor was his act any warrant in law for appellant's refusal to negotiate further for the sale of the timber, no matter how unfair his conduct as to the attempted forfeiture, or from what source he obtained the funds with which to make the payments. He (Laughlin) was the equitable owner in fee of the land, while the vendor held the legal title only as security for the payments reserved. Church v. Smith, 39 Wis. 492. The right to possession was in the vendee. Martin v. Scofield, 41 Wis. 167. This included the standing timber, which complainant could sell and give a good title thereto (Northrup v. Trask, 39 Wis. 515; Krakow v. Wille, 125 Wis. 284, 103 N. W. 1121), unless restrained from cutting the timber to prevent impairment of security. It therefore seems clear that it was only Laughlin's self-imposed legal restriction that interfered with the sale of the timber, provided he had a customer, which is not clearly established by the evidence.

Considerable stress is placed upon the circumstance that by the contract the installments were made payable to the lumber company at Hayward, Wis., where the lumber company was located at the date of the contract, whereas it had moved its offices afterwards to Chippewa Falls. It is not apparent from the record that this fact was of the slightest importance to either of the parties, so far as affects questions here involved, and we deem it of no importance now.

It is urged that the court erred in restraining Laughlin from cutting or otherwise disposing of the timber on the land in suit within the period given him to perform his part of the decree. If the Circuit Court deemed such an order necessary to protect the rights of Savage, it was a proper order to make, and no reason is shown why there was error in entering it.

We find no error in the decree of the Circuit Court, which is therefore affirmed.