## Mills v. Redick.

1. REPLEVIN : *Replevin* will lie to recover the possession of buildings erected on a lot of ground by a party claiming title thereto, who, by judicial determination, has been evicted therefrom, if the buildings were by him set upon blocks, and were not, at the time of eviction, affixed to the soil, notwithstanding another being afterward in possession did affix them to the soil, and they were so affixed when the replevin was brought.

This was an action of replevin brought in the District Court of Douglas county. It was brought to recover the possession of certain houses which had been erected by Mrs. Mills upon the lot, the title to which was the subject of inquiry in *Mills* v. *Paynter*, *infra* 432. Under the judgment in that case she and her husband, who had charge of the property, were evicted, leaving the houses on the lot. It appeared in evidence that the houses were set up on blocks as long as Mrs. Mills held possession of the lots. Paynter, the defendant in that case, leased the lots to Shelden, who moved the houses, two in number, together, and made one house of them. He also raised them and built a stone foundation under them, and built a chimney which rested on the soil. After making this lease, Paynter conveyed the premises to Redick, subject to the estate of Shelden. No defense was interposed on behalf of Shelden, who was impleaded in the cause.

As between Redick and the plaintiffs, the cause was tried before Honorable William F. Lockwood and a jury, and resulted in a verdict for the defendant for $500 damages, on which judgment was entered. The error complained of was, that the court charged the jury that the property was not subject to the action of replevin, because it was, at the time of bringing the action, affixed to the soil, and was a part of the realty, and that it was immaterial

MILLS *v.* REDICK.

what its character was previous thereto. Mills brought this petition to correct this error.

*W. T. Sapp,* for plaintiff in error.

*Redick & Briggs,* contra.

The court, by STREETER, J., held that the instruction was erroneous, that the houses were properly subject to replevin when the possession of them was taken from the plaintiff, and that the defendants could not be deprived of this remedy by any thing they had done with it.

Judgment reversed and cause remanded.