CHARLES RIEWE, PLAINTIFF IN ERROR, v. ANNA M. G. McCORMICK, DEFENDANT IN ERROR.

1. **Replevin.** One M. purchased a building occupied by R., as tenant, and without giving him the statutory notice to quit, recovered possession of the building by an *action of replevin.* *Held,* that replevin was not the proper remedy, and R. was entitled to recover all damages sustained.

2. **Damages.** Exemplary or punitive damages cannot be recovered.

ERROR from the district court for Douglas county. Tried below before SAVAGE, J.

*John I. Redick* and *W. J. Connell,* for plaintiff in error.

*George E. Pritchett* (with *George W. Ambrose*), for defendant in error.

MAXWELL, CH. J.

This is an action of replevin brought by defendant in error to recover the possession of the two-story frame

store building situate on the middle third of lot 8, in block 118, in the city of Omaha. It appears from the bill of exceptions that the plaintiff rented the premises for one year from the first day of June, 1877, the rent to be paid at the end of each month. The plaintiff claims that he rented the premises the second time for one year from the first day of June, 1878, the rent to be paid monthly in advance. This is denied, and is properly a question to be determined by a jury. It is clearly proved, however, that he had paid his rent for the month of June, 1878. The property was owned by Messrs. Sweezy and Root, and on or about the seventh day of June, 1878, Mr. Sweezy served a notice on the plaintiff to leave the premises. On or about the twenty-fifth day of June, 1878, the defendant purchased the building in controversy, and on the first day of July, of that year, demanded possession thereof from the plaintiff, which not being given, this action was immediately instituted. On the trial of the cause, the jury found in favor of the plaintiff in error, and assessed his damages at the sum of $150. He now assigns various errors, which will be considered in their order.

The fourth instruction given by the court on its own motion is as follows: " On the other hand, (if) you find from the testimony that the lease to Mr. Riewe had not been renewed, and that prior to the commencement of this action the building had been sold to the plaintiff, while the land on which it stood had been conveyed to another party, the parties intending to make such building personal property, then the plaintiff would have the right to take possession of the house by a writ of replevin." This instruction in effect told the jury that if the plaintiff's lease had expired, the defendant, by purchasing the building, thereby converted it into personal property, for which an action of replevin would lie without the statutory notice to quit.

To this we cannot give our assent. The defendant, by purchasing the building, acquired no greater rights than were possessed by the lessor, and took subject to whatever rights the plaintiff possessed in the premises. The court therefore erred in giving the instruction.

The court refused to give the following instruction: · "The testimony in this case shows that on the 1st day of July, 1878, the said defendant Riewe was in the peaceable possession of the premises in controversy. The plaintiff had no right, therefore, to take forcible possession of the building and remove the defendant's goods therefrom. And the fact that such possession and removal was under and by virtue of a writ of replevin sued out by plaintiff for such purpose will not exempt plaintiff from all proper damages by reason of such forcible taking possession and removal of defendant's goods." This instruction should have been given. There is no conflict in the testimony that the plaintiff was in the peaceable possession of the premises. He claimed under a lease for a year, and the testimony of the defendant tended to show that the lease had expired on the preceding day, but no notice given to quit. In either case, the action of replevin was not the proper remedy.

The statute of forcible entry and detainer requires at least three days notice before proceedings are instituted. Sec. 1022 Civil Code. Gen. Stat., 689.

In the case of *Yager v. Wilber*, 8 Ohio, 399, it was held that this remedy is not limited to the cases enumerated in section 19 of the statute, but applies· to all cases of entry or maintenance of possession by force.

In *Leetzey v. Herchelrode*, 20 Ohio St., 334, it is held that the statutory notice may be served· as well before as after the expiration of the term.

In *Nason v. Best*, 17 Kansas, 408, it is held that the action cannot be maintained unless the notice is given.

If a party cannot maintain an action to recover the summary possession of premises, without the statutory notice, can he override the law, and by the summary process of replevin demand possession of the premises, which not being immediately given, proceed to throw the goods of the lessee in the street and eject him and his family from the possession of the premises? No case has been cited holding that the law could be thus evaded, and I think none such can be found. It is apparent that the process of the court, in this case, was used as a cover to perpetrate a wrong upon the plaintiff, for which the defendant is liable for the full amount of damages sustained.

The plaintiff asked certain instructions as to exemplary damages, which were properly refused. The word "damages" is defined by Webster as "the estimated reparation in money for detriment or injury sustained; a compensation, recompense, or satisfaction to one party for a wrong or injury actually done to him by another."

In *Boyer v. Barr*, 8 Neb., 68, it was held that in addition to full compensation for the injury sustained, there cannot be added a further sum as a *fine* for the punishment of the defendant. See also *Roose v. Perkins*, 9 Id., 304–5. Damages should be equal in amount to the injury sustained; but upon what principle should they be given in excess of that amount? In law, the injured party, upon being paid the damages sustained by the injury, has received full compensation therefor. Why, then, should the property of the party causing the injury be taken from him and given to another without compensation? Constitutional guarantees of the rights of private property amount to but little if courts sanction its practical confiscation under

the name of exemplary or punitive damages. And the effect of permitting the jury to give exemplary damages is to allow them to return a verdict for such sum as their prejudice or caprice may prompt them to do, without regard to the amount of the injury. If it is said that these damages are imposed as a punishment, it is a full and sufficient answer to say that the state inflicts punishment, and not individuals. The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.