McCormick v. Riewe.

ANNA M. G. McCORMICK, PLAINTIFF IN ERROR, V. CHARLES RIEWE, DEFENDANT IN ERROR.

**Replevin** will not lie to oust a tenant from the occupancy of a building.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*George W. Ambrose* and *George E. Pritchett*, for plaintiff in error.

*W. J. Connell* and *Charles R. Redick*, for defendant in error.

MAXWELL, J.

This case was before this court in 1881, and is reported in 11 Nebr., 261. The facts are stated in that opinion and need not be repeated. The former judgment was reversed, and upon the second trial a verdict was returned in favor of Riewe for the sum of $447.94, upon which judgment was

rendered. The plaintiff brings the cause into this court by petition in error. The only error relied upon is the refusal of the court to give the following instruction: "The jury are instructed that if they find that the tenancy of the defendant expired on or before June 1st, 1878, and that he was thereafter unlawfully holding over his term, and that on the 7th day of June, 1878, W. J. Sweezy served upon the defendant the notice to quit, which is in evidence, that the plaintiff can maintain the action and you should find a verdict in her favor." This instruction was properly refused.

Riewe was in possession of a frame building under a lease. If, as is claimed by the plaintiff, the defendant was holding over after the expiration of his term, the law provides a summary remedy to recover the possession by proceedings in forcible entry and detention. In such action notice to quit must be given and the rights of the plaintiff and defendant will be inquired into and protected, and the judgment of the trial court may be reviewed on error. But replevin will not lie. *Riewe v. McCormick*, 11 Neb., 261. It is pretty clear in this case that there was an attempt to override the law and trample upon the rights of the defendant, and that the process of the court was used as a cover to perpetrate a wrong.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.