Ellsworth v. McDowell.

ELIZABETH ELLSWORTH V. ELMER E. McDOWELL, ADMINISTRATOR.

FILED APRIL 5, 1895. NO. 5340.

**Vendor and Vendee:** CONTRACTS: DEFAULT-POSSESSION: TRES-PASS: REPLEVIN: BUILDINGS. By the terms of a written contract between Champlin and Tschannen the former agreed to sell and convey certain real estate to the latter on his making certain payments. The contract provided that Tschannen's failure to make any one of the payments at its maturity should entitle Champlin to the immediate possession of the real estate. Tschannen took possession of the premises and built a frame house thereon, in which he and his family took up their residence. Tschannen made default in the payments promised. At a time when Tschannen was absent from home, but while his family and household goods were in the house, Champlin caused a workman to go upon the premises, without the knowledge or

consent of Tschannen, and erect a foundation under the house. Tschannen then sold the house to his mother-in-law, then residing with him therein, and she removed it to an adjoining lot, and with her family was residing therein when Champlin replevied the house and called the sheriff to remove it back to the lot on which it was originally erec'ed, the mother-in-law and family remaining therein during and after the transit. *Held*, (1) That Champlin, in causing the workman to go upon the premises and put a foundation under the house, did not by such act acquire possession of said house; (2) that by said act Champlin was guilty of trespass, and whatever possession of the house he acquired thereby was wrongful; (3) that possession of property obtained by trespass cannot be made the basis of an action of replevin for the possession of such property; (4) that Tschannen's default in making the payments promised did not authorize Champlin to retake possession of the premises with force and arms; (5) that the provision in the contract that if Tschannen made default in his payments Champlin should be entitled to the immediate possession of the premises meant no more than that such default should confer a right of action on Champlin for the possession of the premises; (6) that the relation of vendor and vendee created between Champlin and Tschannen by the contract was not changed by Tschannen's default into that of landlord and tenant; (7) that at the time Champlin brought this suit he had no such possessory rights to the property replevied as would enable him to maintain an action of trespass against Tschannen's vendee for her interference with such property, and therefore he could not maintain this action.

Error from the district court of Jefferson county. Tried below before Broady, J.

The facts are set out in the opinion.

*Charles B. Rice*, for plaintiff in error:

A mortgagee, or vendor under contract for deed, prior to foreclosure of the equity of redemption, has no right of possession sufficient to maintain replevin for chattels severed from the realty by one rightfully in possession.

A dwelling house, severed from the realty by one rightfully in possession, and affixed to other realty by being placed on stone pillars, and occupied as a residence, is real·

estate, and not subject to replevin. (Cobbey, Replevin, 12, 136, 354, 364; *Johnson v. Elwood*, 53 N. Y., 431; *Riley v. Boston Water Power Co.*, 11 Cush. [Mass.], 11; *Shields v. Lozear*, 5 Vroom [N. J.], 496; *Anderson v. Hapler*, 34 Ill., 426; *Fryatt v. Sullivan Co.*, 5 Hill [N. Y.], 116; *Kircher v. Schalk*, 39 N. J. Law, 335; *Northrup v. Trask*, 39 Wis., 515.)

*S. N. Lindley* and *A. H. Moulton*, *contra:*

The property involved is a proper subject of replevin. (*Rogers v. Arnold*, 12 Wend. [N. Y.], 30; *Pangburn v. Patridge*, 7 Johns. [N. Y.], 140; *Commissioners of Rush County v. Stubbs*, 25 Kan., 322; *Western Union Telegraph Co. v. Burlington & S. W. R. Co.*, 11 Fed. Rep., 1; *Mills v. Redick*, 1 Neb., 437; *Roberts v. Randel*, 3 Sanf. [N. Y.], 707; *Waters v. Reuber*, 16 Neb., 99.)

RAGAN, C.

Lewis C. Champlin brought action in replevin in the district court of Jefferson county against Elizabeth Ellsworth. Pending the action Champlin died and the suit was revived in the name of Elmer E. McDowell, his administrator, who had a verdict and judgment, and Ellsworth brings the case here for review.

On the 4th day of April, 1887, Champlin owned certain real estate in the city of Fairbury, in said county, and on that date entered into a written contract with one J. H. Tschannen, in and by which he sold and agreed to convey said real estate to Tschannen when Tschannen should make the following payments: October 4, 1887, $25; April 4, 1888, $100; April 4, 1889, $100; April 4, 1890, $100; April 4, 1891, $100. The contract contained this provision: "It is further agreed that in case any payments, either of principal or interest, remaining unpaid for the space of thirty days after the same shall become due, then, in that case, the whole amount unpaid on this contract shall be-

come due and payable without further notice. And the said party of the second part [Tschannen] further agrees that any such delinquency in payment or the failure in other respects by the party of the second part to perform the stipulations of this contract, or any of them, shall entitle the party of the first part [Champlin] to the immediate possession of the premises described herein, and all equitable and legal interests in the premises, hereby contracted, with all the improvements and appurtenances, shall revert to and revest in said first party without any right of said second party of reclamation or compensation for moneys paid, as absolutely as if this contract had never been made." Tschannen at once took possession of this real estate and erected thereon a frame building, or dwelling house, in which he and his family resided. It seems also, though this is not entirely clear from the evidence, that the father and mother of Tschannen's wife resided with them in the house on said premises. In November, 1888, Mrs. Ellsworth, the plaintiff in error, purchased this house of Tschannen and caused it to be moved from the lot on which Tschannen erected it to another lot. At the time of this removal Mrs. Ellsworth and her husband and the Tschannen family resided in the house. Champlin then brought this action in replevin for the house and caused the sheriff to remove it from the lots on which Mrs. Ellsworth had placed it back to the lot on which it was built; the plaintiff in error and the Tschannen family, during the time of said removal and afterwards, residing in the house.

Several cases in replevin have been decided in this court in which a house was the subject-matter of the suit. Such are *Mills v. Redick,* 1 Neb., 437; *Riewe v. McCormick,* 11 Neb., 261; *McCormick v. Riewe,* 14 Neb., 509; *Waters v. Reuber,* 16 Neb., 99; *Oscamp v. Crites,* 37 Neb., 837; *McDaniel v. Lipp,* 41 Neb., 713. But an examination of these cases will show that in each case where the plaintiff was permitted to recover his possessory rights and rela-

tions to the property replevied were such that he could have maintained an action of trespass against the party made defendant to the replevin action. In the case at bar Champlin had no such possessory rights or claims to the property replevied as would have enabled him at the time of the bringing of this suit to maintain an action of trespass against Mrs. Ellsworth, or against her vendor, Tschannen, and, therefore, he cannot maintain this action. (*Stockwell v. Phelps*, 34 N. Y., 363; *Rich v. Baker*, 3 Denio [N. Y.], 79; *Johnson v. Elwood*, 53 N. Y., 431; *Oscamp v. Crites*, 37 Neb., 837; *Kircher v. Schalk*, 39 N. J. Law, 335.)

It is argued by counsel for the administrator that prior to the bringing of this action Champlin was in the actual possession of the real estate which he had sold to Tschannen and of the house thereon. If the evidence in the record sustained this assertion, then, of course, Champlin, being rightfully in possession of the real estate and the house thereon, could maintain an action of trespass against Mrs. Ellsworth for removing the house or maintain an action of replevin to recover it; but the evidence does not sustain this contention. The record shows that some time prior to the removal of this house by Mrs. Ellsworth, and while Tschannen was absent from home, Champlin hired a workman to go upon the premises and put some stones and bricks as a foundation under the house. The day this was done, it would seem from the evidence, Mrs. Tschannen and the other members of the family were also absent from the premises, but Tschannen's household goods were in the house and it was fastened. This is all the evidence in the record as to Champlin's actual possession of this house and the lot on which it was located. This was not possession. Champlin, in causing the workman to go upon these premises without the knowledge or consent of Tschannen, was guilty of trespass, and possession of property obtained by trespass cannot be made the basis of an action of replevin

for the possession of such property. Champlin's posses-
sion, if it can be called such, was not only wrongful, but
it continued no longer than the workman was engaged on
the day mentioned in putting the stones and bricks under
the house. The Tschannen family continued to reside in
the house, as already stated, until it was removed by Mrs.
Ellsworth and until after the officer, under the writ of re-
plevin issued in this action, moved the house back to the
lot on which it was erected.

Counsel for the administrator also argue that since the
contract of sale between Champlin and Tschannen con-
tained the provision that in case Tschannen should make
default in the terms of his contract that such default should
entitle Champlin to the immediate possession of the prem-
ises, and as Tschannen had made default in the payments
promised to be made, that, therefore, the contract was at an
end, all rights of Tschannen thereunder destroyed, and the
real estate and the house thereon belonged both legally and
equitably to Champlin, and that Tschannen occupied the
property from the time of his default as tenant at will.
In other words, that Champlin had constructive possession
of the property through his tenant, Tschannen. This ar-
gument is not tenable. After Tschannen made default in
his promises Champlin had either one of several remedies.
He could tender Tschannen a deed for the premises and
sue him at law for the entire contract price. He could
have brought an action in equity to foreclose the contract
as a mortgage and had the real estate sold for the payment
of the amount remaining due thereon. (*Gardels v. Kloke,*
36 Neb., 494.) He could have maintained an action in
ejectment. Because Tschannen had made default in his
contract Champlin was not thereby authorized to take pos-
session of the premises with force and arms; nor was the
relation of vendor and vendee created between the parties
by the contract altered by Tschannen's violation thereof
into that of landlord and tenant. The expression in the

contract, that Tschannen's default should entitle Champlin
to the immediate possession of the premises, meant and
means no more than that Champlin, by reason of the con-
tract, might make the default of Tschannen the basis of an
action for the recovery of the possession of such real estate.

On the trial the administrator introduced evidence tend-
ing to disparage or impeach the title of Mrs. Ellsworth to
the house in controversy, and the counsel argue here that
the evidence in the record would not sustain a finding that
Mrs. Ellsworth purchased this house from Tschannen.
Mrs. Ellsworth purchased this property, if at all, with act-
ual knowledge of the existence and terms of the contract
between Champlin and Tschannen. She, therefore, has
no greater rights to this house than Tschannen had. But
Champlin cannot maintain an action of replevin for this
house as against Tschannen, because, as already seen, at the
time the action was brought he, Champlin, was not entitled
to the immediate possession of the house. "To allow re-
plevin to be maintained under such circumstances as these
makes the writ in effect a writ of restitution for land, an
office which it cannot be permitted to fulfill." (IRVINE, C.,
in *Oscamp v. Crites, supra.*)  The question at issue here is
not whether Mrs. Ellsworth at the commencement of this
action had good title to this house, as the plaintiff in a re-
plevin action must recover, if at all, upon the strength of
his own title to the property involved, and not upon the
weakness of the defendant's title to such property. (*Kava-
naugh v. Brodball,* 40 Neb., 875.)  In *Northrup v. Trask,*
39 Wis., 515, it is said: "If one who is rightfully in pos-
session of land under a contract of sale, after default in
payment, but before any foreclosure of his equity, dis-
pose of a house attached to such land, (as by removing it to
other land,) the vendor in the land contract, having no pos-
sessory title to the house, cannot maintain replevin or
trover therefor."

The finding of the district court in favor of the admin-

istrator is wholly unsupported by the evidence.    The ad-
ministrator must return the house to the plaintiff in error
or pay her its value.    The judgment of the district court
is reversed and the cause remanded..

REVERSED AND REMANDED.