HILL, Respondent, vs. SIDIE, Appellant.

*January 17—February 3, 1903.*

*Vendor and purchaser of land: Relation after default: Landlord and Tenant: Contracts: Tenant at sufferance.*

A provision in a contract for the sale of lands that, on the vendee's default, he should hold the premises from the date of the contract as tenant at sufferance of the vendor, subject to·

be removed as a tenant holding over by process, under the statute in such case made and provided, is ineffective to change the relationship between the vendee in possession and the vendor to that of landlord and tenant, or deprive such vendee of his rights and equities under his contract of purchase. *Wright v. Roberts*, 22 Wis. 161, distinguished; *Diggle v. Boulden*, 48 Wis. 477, followed.

APPEAL from an order of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an action to recover the reasonable value of the use and occupation of certain farm lands. The complaint alleges the making of a contract in writing by the parties July 1, 1893, by which the plaintiff agreed to sell, and the defendant to purchase, the lands in question, for the sum of $500, to be paid in five equal annual instalments, beginning January 1, 1896. The contract also provided that the defendant should mortgage the crop each year to the plaintiff as security for payment of the interest, and the first payment of principal until such first payment of principal was made. The contract further provided that defendant should pay the taxes levied on the lands, keep the improvements and fences in repair, and "hold the said premises from the date hereof as tenant of sufferance of the party of the first part, subject to be removed as a tenant holding over by process, under the statute in such case made and provided, whenever default shall be made in the payment of any of the instalments of purchase money above specified." The complaint further alleged that at the time of the execution of the contract the defendant was in possession of the land as plaintiff's tenant, and had planted thereon the crop for the year; that defendant continued to occupy the land until the fall of the year 1900, but refused to make any payments of principal or interest on the contract after January 1, 1895, whereupon he became the tenant of sufferance of the plaintiff under the terms of the contract; and that the use and occupation of the land was worth $50 a year for the entire time, no part of

which sum has been paid, nor has any part of the amount due on the contract been paid since the payment of the interest due January 1, 1895. Judgment for $350 and costs is demanded. A general demurrer to this complaint was overruled, and the defendant appeals.

For the appellant there was a brief by *Doherty & Baldwin*, and oral argument by *J. F. Doherty*.

*H. P. Proctor*, for the respondent.

Winslow, J. The sole question in this case is as to the legal effect of that clause in the land contract which provides that in case of default in payments the vendee shall hold the premises as "tenant of sufferance" of the vendor. The plaintiff claims that this clause operates to change the relation of the parties, so far as possession of the land is concerned, into that of landlord and tenant, and relies upon *Wright v. Roberts*, 22 Wis. 161. The defendant, on the other hand, claims that the principle stated in *Wright v. Roberts* has been completely overruled by the later case of *Diggle v. Boulden*, 48 Wis. 477, 4 N. W. 678. There is certainly a direct conflict in principle between the two cases. *Wright v. Roberts* was a case where the exact point in the case at bar was presented, and it was held, under a precisely similar contract, that upon default an action for use and occupation could be maintained, because by the clause in question the parties had created the relation of landlord and tenant, with all the remedies which were incident to that relation. On the other hand, it is held in *Diggle v. Boulden*, where, under a similar contract, the vendor upon default brought an action in equity to foreclose the contract, that the objection that the vendor had an adequate remedy at law, by proceeding against the vendee as a tenant at sufferance, could not be maintained, because the vendee "had rights and equities under his contract of purchase which would defeat an action at law against him as a mere tenant at sufferance; and such an action would not lie

in such a case where the appellant is in possession as purchaser, having paid part of the purchase money." In both of the cases cited, as in the case at bar, the vendee was in possession under the contract of sale. The first case goes upon the principle that the clause in question is effective to change the relationship of the parties, so far as possession of the real estate is concerned, to the relationship of landlord and tenant, and the other upon the principle that it does not change such relationship so long as the vendee has any equity under his contract. There is no way of reconciling the two cases, and the difficulty is increased, rather than diminished, by the fact that the former case is not referred to in the later case, although it was cited in the briefs and relied upon as authority. Another fact is of some significance, namely, the fact that *Wright v. Roberts* has not been affirmed or even cited in any subsequent opinion in this court. It certainly is important that the rule in such cases be definitely and certainly settled. It is not so important how it be settled, as it is that there should be no doubt about it. It is in the full sense a rule of property, and should not be subject to changes. Viewed in this light, it seems that the rule as laid down in *Diggle v. Boulden* should be followed. It has stood upon the books for nearly twenty-three years as the last authoritative utterance of this court upon the question. It must be presumed that it has been regarded as stating the position of this court, and also that contracts which have been made since that time have been made with reference to it. It has support in the general and familiar doctrine that the law does not favor forfeitures of valuable rights, and will endeavor to avoid them. It finds support, also, in the following cases:. *Chicago, B. & Q. R. Co. v. Skupa,* 16 Neb. 341, 20 N. W. 393; *Ellsworth v. McDowell,* 44 Neb. 707, 62 N. W. 1082.

*By the Court.*—Order reversed and action remanded, with directions to sustain the demurrer.