HOWARD FARROW, an infant, by his next friend HORACE M. FARROW, *vs.* JOSEPH P. HOFFECKER.

*Personal Injuries—Town Ordinance—Discharge of Firearm— Negligence per se—Exemplary Damages—Measure of Damages.*

1.   It is well settled in this State that the violation of a lawful ordinance of a city or town is in itself such negligence as would render the wrong-doer liable for any injuries resulting therefrom.

2.   The discharge of a firearm within the limits of a town in violation of an ordinance is unlawful, and if the plaintiff was thereby injured it constitutes such negligence as entitles him to damages.

3.   Exemplary damages may be allowed for torts committed with fraud, actual malice or deliberate violence or oppression.

4.   The general rule governing the measure of damages in this State is that such an amount should be allowed as will be a reasonable and adequate compensation for the injuries sustained.   By this rule the jury should be governed in reaching their verdict, unless from the evidence they are satisfied that the injuries were inflicted wantonly, recklessly, or in evident disregard of the rights of others.   If they are so satisfied, they may add to the amount such further and additional sum by way of punishment as in their judgment seems just under all the circumstances of the case.

(*February* 23, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff.

*Arley B. Magee* for defendant.

Superior Court, New Castle County, February Term, 1906.

ACTION ON THE CASE (No. 87, May Term, 1905), to recover damages for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant.

LORE, C. J., charging the jury:
Gentlemen of the jury:—Howard Farrow the plaintiff claims that on the 22nd day of February, 1905, while in the exercise of

due care he was walking on North Street in the town of Dover, in this State, John T. Hoffecker, the defendant, negligently fired a gun from the window of his dwelling house, and wounded the plaintiff in the head; thereby inflicting injuries, for which the plaintiff seeks to recover damages in this action.

The defendant claims, that he shot at some dogs, which were fighting in the street in front of his dwelling house, to the annoyance of himself and family, and in so doing inadvertently wounded the plaintiff who happened to be then passing. That before shooting he had looked up and down the street to see if any persons were near and saw no one.

At the time of the shooting, Dover was, and still is, an incorporated town of this State, and under its charter had adopted ordinances for the government of the town, which were then in force.

One of the said ordinances contained the following provision:

"Sec. 13. It shall be unlawful, for any person to discharge any gun, pistol or other fire-arm, or to let off or set fire to any fire cracker, rockets or other explosive matter, or make or throw any fire ball within the limits of said town."

The ordinance imposed a penalty for its violation.

It is well settled in this State, that the violation of a lawful ordinance of a city or town, is in itself, such negligence, as would render the wrong-doer liable for any injuries resulting therefrom.

The defendant admits that he discharged the gun at the time and place claimed by the plaintiff. It is not disputed, that that place was within the limits of the town of Dover and within the terms of the ordinance above stated. This being so, such firing was unlawful and constituted such negligence as entitled the plaintiff to a verdict. The negligence of the defendant being thus ascertained, it is for you to determine the amount of damages the plaintiff should recover.

In any event you should return a verdict for the plaintiff for such amount, as will reasonably compensate him for his injuries, including therein his pain and suffering in the past, and such as may come to him in the future resulting from such injuries.

The plaintiff, however, claims in addition thereto exemplary damages; that is, damages by way of punishment for the wrong doing of the defendant, and for the prevention of similar wrongs in the future.

Exemplary damages may be allowed for torts committed with fraud, actual malice or deliberate violence or oppression.

In nearly all the states in such cases, the jury are not confined to a strict compensation for the plaintiff's loss, but may in assessing damages allow an additional sum by way of punishment for the wrong doing. This allowance has been termed in the cases "smart money" or "exemplary," "vindictive" or "punitive" damages.

Some Courts have declined to recognize the doctrine.

4 *Pick.* 143; 21 *Id.* 378; 114 *Mass.*, 518; 7 *Col.* 541; 11 *Neb.* 261; 64 *Mich.* 133; 56 *N. H.* 456.

In this State, however, the doctrine is recognized, and in proper cases exemplary damages may be recovered.

The general rule governing the measure of damages is that such an amount shall be fixed, as will be a reasonable and adequate compensation for the injuries sustained. By this rule you should be governed in reaching your verdict in this case, unless from the evidence you are satisfied that the injuries were inflicted wantonly, recklessly or in evident disregard of the rights of others. If you should be so satisfied, however, you may add to the amount what you may deem reasonable compensation for the injuries, such further and additional sum by way of punishment, as in your judgment may be just under all the circumstances of the case.

Verdict for plaintiff for $500.00.