Leis, Respondent, vs. Van Dyke and others, Appellants.

*May 2—June 5, 1923.*

*Vendor and purchaser: Rescission: Placing parties in statu quo: Recovery for use of land.*

On the mutual rescission of a contract for the sale of land, on which the defendant purchasers, who had been in possession for two years, had paid nothing, the vendor was properly allowed to recover the reasonable rental value of the premises, together with the stumpage value of the timber cut by the purchasers, less the amount paid by them for taxes during the time they were in possession, on the principle that on rescission the parties should be placed *in statu quo* as nearly as possible.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Rescission of land contract. On the 6th day of June, 1919, plaintiff and his wife entered into a contract with the defendants for the sale by the plaintiff to the defendants of a farm, consisting of approximately 440 acres of land, together with certain machinery, implements, and live stock thereon, at the agreed price of $22,000. The down payment of $4,000 recited in the contract was made by way of four notes of $1,000 each, payable one year after date.

This action was brought to recover on two of these purchase-money notes. At the time of the execution of the contract and notes the plaintiff and defendants resided in Vernon county. Shortly after the making of the contract the defendants removed to the farm situated in the county of Oneida, went into possession of the farm and personal property described in the contract, and remained in possession until April 1, 1921. During that time the defendants had the exclusive use and enjoyment of the farm, had the benefit of the crops grown thereon and the produce derived therefrom, removed and sold some of the timber, and cut but failed to remove other timber.

In the answer to the plaintiff's complaint the defendants alleged that they were induced to execute the contract and notes by reason of false and fraudulent representations made to them by the plaintiff in regard to the character of the land and the machinery, and defendants asked that the court cancel the contract and notes for that reason.

No part of the purchase price was ever paid and no payment, either of principal or interest, was made upon the notes. Upon the trial the court found that there was no fraud; that the contract was rescinded by mutual consent of the parties; that the plaintiff was entitled to recover from the defendants the sum of $2,000 as and for the fair rental value of the land and personal property and the stumpage

value of the timber cut from the lands and appropriated or
destroyed by the defendants while in possession of the land,
less the sum of $766.33 which the defendants paid for taxes
levied upon the land and other property for the years 1919
and 1920.  Judgment was entered awarding the plaintiff the
sum of $1,233.67 damages and the taxable costs of the
action, and upon payment of that sum the judgment directed
the surrender and cancellation of the notes and contract.
From the judgment so entered the defendants appeal.

*J. Henry Bennett* of Viroqua, for the appellants.

For the respondent there was a brief by *R. T. Reinholdt*
of Tomahawk, attorney, and *Smith & Moen* of Viroqua, of
counsel, and oral argument by *Mr. Reinholdt.*

ROSENBERRY, J.   The defendants never having paid any-
thing upon the purchase price, the right of a vendee to re-
cover in the event of the rescission of a land contract does
not arise in this case.   The plaintiff did not recover upon
the notes but was permitted to recover the reasonable rental
value of the premises, together with the stumpage value of
the timber cut and removed therefrom by the defendants
while in possession thereof.   The court having found in
favor of the defendants and the judgment having awarded
them everything claimed by them, the sole question to be
determined here is whether or not the court rightly awarded
the plaintiff in the action the rental value of the premises,
together with the stumpage value of the timber cut and re-
moved by the defendants, less the amount paid by them
for taxes during the time they were in possession.

A considerable part of the brief of appellants is devoted
to questions which, as we view the case, do not arise upon
this record.   The plaintiff did not recover upon the contract
or upon the notes, nor does the plaintiff attempt to sustain the
judgment here upon that theory.   It is the contention of the
defendants that under the rule laid down in *Hill v. Sidie,*

116 Wis. 602, 93 N. W. 446, such recovery cannot be had for the reason that the relation of landlord and tenant does not arise upon default of a vendee upon a land contract, even though the contract so provides. The plaintiff in this case recovers such an amount as is necessary to place the parties as nearly *in statu quo* as is possible and not upon any covenant contained in the contract. The undisputed evidence in this case shows that the defendants had possession of this farm, which had upon it at the time they purchased it a valuable crop; that during the two years they had the use of the personal property and cut and removed some of the timber. It is an elementary rule that upon the rescission of the contract the parties are to be placed as nearly as possible *in statu quo*. The defendants having had the use of the plaintiff's property, they are certainly justly chargeable with the reasonable value of that use and also with such sum as will fairly compensate the plaintiff for the property removed from the premises and appropriated by the defendants. *Wright v. Dickinson,* 67 Mich. 580, 35 N. W. 164, 11 Am. St. Rep. 602; *Rice v. Ashland,* 114 Wis. 130, 89 N. W. 908.

*By the Court.*—Judgment affirmed.